■ In the Matter of KENNETH W. HOWLAND, Petitioner, v SCHUYLER-CHEMUNG-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent.—Casey, J.

Petitioner was employed by respondent for about 20 years without prior disciplinary action. In September 1988 petitioner, as the working foreman in charge of building maintenance, used respondent's low-boy trailer and a flat-bed truck without authorization to transport his jeep to the auto mechanic's shop on respondent's campus and to transport a 1978 Ford LTD automobile owned by respondent to property owned by petitioner in the Town of Horseheads, Chemung County. During an investigation undertaken by the Sheriff's Department regarding petitioner's unauthorized use of the Ford LTD, petitioner made oral and written admissions which resulted in respondent allegedly informing petitioner that, unless he agreed to an in-house reprimand, the Sheriff's Department would file criminal charges against him. Petitioner agreed and was suspended without pay for 20 days and

demoted to his former position of building maintenance mechanic with a reduction in salary. Petitioner worked in this reduced capacity for about two months and then requested administrative review, contending that he had been unfairly treated. Respondent caused a notice of the charges which requested petitioner's termination to be filed against petitioner under Civil Service Law § 75. After the charges were particularized, petitioner was given a hearing and he was found guilty. The Hearing Officer recommended, however, that the discipline be the same as previously imposed and respondent adopted the recommendation of the Hearing Officer.

Petitioner commenced this CPLR article 78 proceeding contending that the determination lacked a substantial evidentiary basis and the penalty imposed was disproportionate to the offense. In essence, petitioner does not argue that there is a lack of evidence to support the charges. Rather, petitioner relies on the fact that other employees used vehicles for their own personal purposes and that no rule or regulation specifically proscribed what he had done. We find no merit in these contentions. Petitioner admitted in his statement of November 10, 1988 that he "knew that it was * * * wrong to take the [Ford LTD] off of [the] campus". Furthermore, petitioner admitted that he lacked authorization to use the low-boy trailer or the flat-bed truck. Substantial evidence therefore supports the determination.

The penalty imposed by respondent on the Hearing Officer's recommendation is the same as the penalty petitioner agreed to in order to avoid criminal prosecution. The penalty was not shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233).

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.